UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| **CARL FRAZIER, JR.** ] | |
| Petitioner, ] | |
| ] | |
| v. ] | No. 3:10-0024 |
| ] | Judge Campbell |
| **STATE OF TENNESSEE** ] | |
| Respondent. ] | |


### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Complex in Forrest City, Arkansas.[1] He brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee seeking a writ of habeas corpus.

In June, 1999, the petitioner pled guilty in Davidson County to possession of cocaine with the intent to sell or deliver. For this crime, he received a sentence of nine years in prison. The petitioner did not directly appeal the conviction. Nor did he file a timely post-conviction petition challenging the conviction.

In October, 2009, the petitioner filed the instant petition for federal habeas corpus relief (Docket Entry No.7). The petition

---

[1] The petitioner is currently serving a 180 month federal sentence for possession of cocaine with the intent to distribute and possession of a firearm. United States v. Carl Frazier, Jr., Crim. No. 3:03-cr-00191 (M.D. Tenn.)(Trauger, J., presiding).

1

does not question the legality of the petitioner's federal conviction. Rather, it challenges the validity of the Davidson County conviction. More specifically, the petitioner alleges that

1) his guilty plea was neither knowingly nor voluntarily given;

2) he was convicted as a result of prosecutorial misconduct;

3) the indictment was defective; and

4) counsel was ineffective.

The Court conducted a preliminary review of the petition and found that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.18) was entered on January 8, 2010 directing the respondent to file an answer, plead or otherwise respond to the petition.

Presently pending before the Court are respondent's motion to dismiss (Docket Entry No.23) and the petitioner's pleading in opposition to the dismissal motion (Docket Entry No.24). Upon consideration of the petition, the pleadings filed in this case and the expanded record, it appears that an evidentiary hearing is not needed in this matter. Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules --- § 2254 Cases.

To obtain relief under 28 U.S.C. § 2254, the petitioner must be "in custody pursuant to the judgment of a State court...". 28 U.S.C. § 2254(a). The petitioner is currently in the custody of

federal rather than state authorities. Respondent has represented to the Court that petitioner's Davidson County sentence expired on March 16, 2006, more than three years prior to the initiation of the instant action. Docket Entry Nos.23-1 at pg.9 and 23-2. Thus, the petitioner has no recourse under § 2254 because he is no longer in custody pursuant to a state court judgment. <u>Maleng v. Cook</u>, 490 U.S. 488 (1989). In any event, this action was filed well beyond the expiration of the one year limitation period and is untimely. 28 U.S.C. § 2244(d)(1).

The petitioner has failed to meet the in custody requirement of § 2254 and this action is untimely. Consequently, the Court finds merit in respondent's motion to dismiss. Accordingly, the petition will be denied and this action shall be dismissed.

An appropriate order will be entered.

*[signature]*
Todd Campbell
United States District Judge